UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REBECCA SWARTOUT,

                                 Plaintiff,

                                v.

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.

_____

<u>DECISION AND ORDER</u>

17-CV-6069L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On October 1, 2013, plaintiff, then forty-two years old, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since April 28, 2012. (Dkt. #7-2 at 15). Her application was initially denied. Plaintiff requested a hearing, which was held on June 15, 2015 via videoconference before Administrative Law Judge ("ALJ") Gregory M. Hamel. The ALJ issued a decision on July 24, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7-2 at 15-39). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 5, 2016. (Dkt. #7-2 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) remanding the matter for the calculation and payment of benefits, or in the alternative, for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment on the pleadings affirming the Commissioner's decision (Dkt. #11).

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact, and sets forth the evidence upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's application, the ALJ summarized plaintiff's medical records relative to neurological disorder, fibromyalgia, migraine headaches, obesity, major depressive disorder, and generalized anxiety disorder, which the ALJ determined together constituted a severe impairment not meeting or equaling a listed impairment. Upon review of the evidence of record, the ALJ determined that plaintiff retained the residual function capacity ("RFC") to perform light work, except that plaintiff cannot climb ladders or similar devices or work in hazardous environments involving heights or dangerous machinery, but not including driving or ordinary household-type activities. Plaintiff can no more than occasionally perform postural activities

such as stair climbing, balancing, stooping, kneeling, crouching or crawling. She can focus attention only on tasks that are routine and repetitive, and which require no more than occasional public contact or interaction. (Dkt. #7-2 at 23).

I believe the evidence supports the ALJ's conclusion that plaintiff, then a forty-four-year-old woman with a high school education and past employment as a receptionist, dental assistant and teacher aide, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including router, collator operator, table worker, and document preparer. (Dkt. #7-2 at 38).

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence, because the ALJ erred in his assessment of the opinions of plaintiff's treating psychiatrist, treating internist, and treating neurologist.

Under the treating physician rule which was applicable at the time the ALJ's decision was rendered, the opinion of a claimant's treating physician is entitled to controlling weight as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v.* Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (alteration in original) (quoting 20 C.F.R. §404.1527(c)(2)). However, an opinion need not be given controlling weight if it conflicts with "other substantial evidence in the record," *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), since "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Where, as here, the ALJ declines to afford controlling weight to a treating physician's opinion, he must set forth "good reasons" for the decision and consider several factors in determining the appropriate weight, such as: (1) the length, nature, and extent of the treating relationship; (2) the supportability of the physician's opinion; (3) the consistency of the

3

physician's opinion with the record as a whole, and (4) the specialization of the physician. 20 C.F.R. §§404.1527(c)(2)-(5).  *See also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

Psychiatrist Dr. Satyavathy Sarakanti treated plaintiff (and/or supervised her treatment by a social worker) on several occasions throughout the relevant period. On January 24, 2014, Dr. Sarakanti issued a brief (2-page form) opinion which indicated that plaintiff's depression and anxiety would cause moderate limitations with respect to carrying out instructions, making decisions, interacting with others and behaving in a socially appropriate manner, and would render her "very limited" in working at a competent pace, for a period of 4-6 months. (Dkt. #7-7 at 820-21). The ALJ acknowledged Dr. Sarakanti's treatment relationship with plaintiff as well as her area of specialty. However, he granted Dr. Sarakanti's opinion only "partial" weight, correctly noting that the opinion was based largely on plaintiff's self-reported symptoms, conflicted with plaintiff's admitted activities of daily living (which included household management, childcare and volunteer work), and referred only to a temporary 4-6 month period. Although the ALJ also incorrectly described Dr. Sarakanti's opinion as straying beyond Dr. Sarakanti's area of expertise by opining as to plaintiff's ability to perform postural activities (in fact, the opinion does not address such limitations – the record copy of the form is nearly illegible and the chart of limitations is easily misread to refer both to the physical limitations described on one side of the chart and the psychological limitations on the other, for which Dr. Sarakanti checked several boxes), the remaining reasons given by the ALJ for granting the opinion less than controlling weight are sound. (Dkt. #7-2 at 31).

The ALJ likewise granted only "some" weight to the opinion of plaintiff's family physician, Dr. Megha Manek, who began treating plaintiff in or around January 29, 2013. (Dkt. #7-2 at 33, 819, 859-66). On January 14, 2014, Dr. Manek listed plaintiff's diagnoses as

hypertension, hypothyroidism and hyperlipidemia, which she described as "chronic stable conditions," as well as fibromyalgia, "which is progressively better from initial contact" and had "improved significantly in the last 12 months." (Dkt. #7-7 at 859, 864). Dr. Manek indicated no postural or physical (exertional) limitations, but opined that plaintiff would require a 10-15 minute break every two hours and would miss work 2-3 times per month. As the ALJ noted, such limitations were unsupported by plaintiff's treatment notes and by the medical record as a whole, insofar as they bore no obvious relationship to any physical diagnosis or exertional impairment: to the contrary, Dr. Manek consistently reported that plaintiff's physical examination results were normal, except for sporadic and isolated complaints of headaches, reflux symptoms, weakness, and lower back pain associated with bending and lifting. (Dkt. #7-7 at 772, 777, 781-82, 787, 791). Furthermore, to the extent Dr. Manek intended to impose break and absence limitations as the result of psychological issues, her opinion strayed from both her area of expertise and the scope of the treatment she rendered to plaintiff. As such, the ALJ appropriately declined to grant it controlling weight. *See e.g.*, *Gordon v. Colvin*, 2017 U.S. Dist. LEXIS 29442 at *43-*44 (D. Conn. 2017) (treating internist's opinion as to claimant's psychiatric limitations "falls outside his expertise and as such is less reliable").

Plaintiff also argues that the ALJ erred in giving only "little" weight to certain statements by plaintiff's treating neurologist, Dr. Han Suk Koh, who began treating her on or about December 21, 2012. Dr. Koh observed in a February 7, 2013 treatment note that he believed plaintiff's was a "complex case," and speculated that plaintiff would be unable to work for a year. However, Dr. Koh provided no reasoning for that statement and did not set forth any diagnoses or specific limitations that would prevent employment. (Dkt. #7 at 427). As such, his February 7, 2013 notation amounts to little more than a conclusory finding as to the ultimate issue of disability,

5

which is reserved for the Commissioner. Subsequent treatment notes reveal that Dr. Koh consistently found plaintiff to have normal motor strength and an alert and appropriate mental status: they include only sporadic abnormal findings, limited to plaintiff's reflexes, coordination and gait. On March 25, 2014, Dr. Koh stated that he believed plaintiff was unable to perform her prior job, but that she *could* perform "sedentary work [limited to a] maximum [of] 40 hours per week due to the different issues affecting her incl[u]ding headache, neck and pack pa[i]n, s[i]gnificant f[i]bromyalgia and also unsteady gait." (Dkt. #7-7 at 443, #7-8 at 1013).

The ALJ rejected Dr. Koh's "unable to work" opinion in light of its inconsistency with Dr. Koh's treatment notes, the majority of which noted normal findings and unremarkable objective test results. Although Dr. Koh later stated for the first time in a February 11, 2015 treatment note that he believed plaintiff suffered chronic headaches more than 15 days per month (apparently based on plaintiff's self-report as to the duration and frequency of her migraines) and that she had had no meaningful response to medications, this finding was inconsistent with other medical evidence of record, which reflected that plaintiff's headaches – only sporadically complained-of in her treatment records – were managed by medication, and did not appear to interfere significantly with her activities of daily living. (Dkt. #7-2 at 33). *See e.g.*, Dkt. #7-7 at 756 ("[she states that s]he has a migraine present 15 or 16 days of the month. They are typically mild, and she treats with naproxen, heat, and ice, but she sometimes has to lie down and avoid light, noise, and movement…"). In light of the conflicting evidence of record, the ALJ's decision to grant Dr. Koh's opinion "little" weight was not improper.

In brief, while "the ALJ's conclusion [did] not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v.*

*Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion).  I find that the ALJ's discussion of each treating source opinion took sufficient account of the relevant factors, and that the ALJ provided good reasons for affording less-than-controlling weight to each one.

I have considered the rest of plaintiff's claims, and find them to be without merit.  On balance, I find that the record simply does not support plaintiff's claim of total disability: I concur with the ALJ and conclude that there is substantial evidence to support his determination as to plaintiff's residual functional capacity.  There is no dispute that the positions identified by vocational expert Susanna D. Roche at the plaintiff's hearing are consistent with this RFC, and with plaintiff's age, educational background and past work experience.   I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted.  The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 31, 2019.